BROWN, P. J.
—The relator, for eleven years preceding his discharge, bad been a policeman upon the' New York and Brooklyn bridge. On-January 7, 1895, he was tried by the trustees of said bridge upon charges preferred against him, and subsequently was adjudged to be guilty, and was dismissed from the force. Thereafter a writ of certiorari,was, upon his petition, issued out of the supreme court, directed to “The Board of Trustees of the New York and Brooklyn Bridge,” commanding them to make return to the court of all their acts and proceedings relating to such discharge. The appellant thereafter moved at the special term for a writ superseding said writ of certiorari, which motion having been denied, appeal was taken to this court.
The appellant asks for a reversal of the order, and that its motion be granted upon two grounds: (1) That the writ of certiorari is improperly addressed ; (2) that the dismissal of the petitioner was a matter resting exclusively in the judgment and discretion of the trustees of the bridge, and is not subject to the review of the'eourt.
• Section 2129 of the Code of Civil Procedure provides that where the writ is brought “to review the determination of a" board or body other than a court, if an action would lie against the board or bodv in its associate or official name, it must be directed to the board or body- by that name; otherwise it must be directed to the members by their names.” The trustees of the bridge are by statute created a corporation, under the corporate name of “The Trustees of the New York and Brooklyn Bridge,” arid are authorized to sue and defend actions and proceedings in their corporate name. Laws 1891, chap. 128, § 7. The writ is directed to “The Board of Trustees of the New York and Brooklyn Bridge.” We think this defect is not such a misnomer as will defeat the proceed! no-. The corporate name of the appellant is stated with sufficient°accuraoy, and there is no doubt 'as to the identity of the corporation. In the petition the corporate name is correctly stated, *629 and the addition of the words “ The Board of ” in the writ is, we think, an immaterial matter. The case of the People v. Board of Com’rs of Public Parks, 97 N.Y. 67, cited by the appellant, does not sustain its point. The park board was not a corporation, but a department of the city government; and therefore, in accordance with the express terms of the provision of the Code, the writ should have been directed to the members of the board by their names, and so the court held. In this case, however, the appellant is a corporation, and the writ is addressed to it as such; and the mistake in the name is not one that raises any doubt as to the identity of the corporation proceeded against.
Upon the second proposition presented to us, we are of the opinion that the determination sought to be reviewed was a judicial one. By statute, it is made "the duty of the appellant to appoint an adequate police force, and the government and discipline of. such force is declared to be such as the trustees may, by rules and regulations, prescribe; but no policeman is to he removed except after the public examination of written charges preferred against him, and such examination must be had upon written notice to the accused, and in accordance with the rules and regulations prescribed by the trustees. Laws 1894, chap. 710, § 1. The provision as to rules and regulations of the hearing relates to procedure only. There is nothing in the statute making the decision of the trustees upon the testimony given in support of the charges final and conclusive, and we think their decision upon such matters is subject to review by the court. The petitioner-does not contend that he was deprived of any right so far as the form or manner of the proceeding against him was concerned. The allegation of his petition, in substance, is that the testimony given did not sustain the conclusion that he was guilty of the charges made. The determination thus challenged was a- judicial one, and the petitioner is entitled to have it reviewed by the qourt.
The order must be affirmed, with $10 costs and disbursements.
All concur.